UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEITH WILLIAM JETER,

           Plaintiff,

      v.                                              Case No. 25-cv-205-bhl

MILWAUKEE COUNTY JAIL,

           Defendant.

---

## SCREENING ORDER

---

Plaintiff Keith William Jeter, who is currently serving a state prison sentence at the Milwaukee County Jail and representing himself, filed a complaint against Defendant Milwaukee County Jail, along with a motion for leave to proceed without prepayment of the filing fee. Dkt. Nos. 2 &1. This matter comes before the Court on Jeter's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Jeter has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Jeter has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $68.25. Accordingly, the Court will grant Jeter's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Jeter is an inmate at the Milwaukee County Jail. Dkt. No. 1. Defendant is the Milwaukee County Jail. *Id*. According to the complaint, on three different occasions at the jail—January 6, 2025, January 8, 2025, and January 9, 2025, Jeter allegedly engaged in consensual "sexual contact" and "sexual encounters" with a female inmate at the jail. *Id*. at 2. Jeter explains that staff working on those days "weren't smart," so they were able to "talk in code" and take "advantage" of the situation. *Id*. at 3. Jeter and the female inmate allegedly communicated through the ventilation system and passed letters through the door while staff was not looking; and he was able to "block the door" in one particular area of the jail to facilitate the meet ups. *Id*. at 2-3. The female inmate later made a "false PREA complaint" against Jeter, claiming sexual assault. *Id*. at 3. Jeter believes that he has been "defamed" and the jail is responsible for failing to keep them separated, as required by jail policy. *Id*. at 3-4. For relief, Jeter seeks monetary damages. *Id*. at 5.

## THE COURT'S ANALYSIS

Jeter asks to proceed on claims under state law. Dkt. No. 1 at 5. The Court, however, can only adjudicate claims arising under state law if the parties are citizens of different states and the amount in controversy is greater than $75,000. *See* 28 U.S.C. §1332. Both Jeter and Defendant are citizens of Wisconsin. Therefore, the Court lacks jurisdiction over any state law claims he wishes to proceed on.

The Court notes that Jeter also does not have any federal claims. To state a claim under 42 U.S.C. §1983, Jeter must allege that he was deprived of a right secured by the Constitution or the laws of United States and that the deprivation was caused by a person acting under the color of state law. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). A §1983 claim is a "tort damage action." *See Lossman v. Pekarske*, 707 F.2d 288, 290 (7th Cir. 1983). This means that Jeter must allege that Defendant's conduct *caused* his injury. *Id*. (noting that "[t]he principles of tort causation apply to constitutional as to other tort suits."). Here, Jeter

3

has no physical injury because he admits to covertly planning and engaging in <u>consensual</u> sexual activity with a female inmate; and to the extent he believes he was mentally/emotionally injured due to the female inmate's allegedly false allegations of sexual assault, Defendant did not *cause* that injury. That injury would have been caused by the female inmate, who is not a state actor under §1983. *West v. Atkins*, 487 U.S. 42, 49 (1988).

Additionally, it is also clear from the complaint that Jeter is the person primarily to blame for his own decision to violate jail policy by "talking in code," taking "advantage" of staff, and engaging in sexual activity that he knew was prohibited. *See e.g., Thomas v. Farley*, 31 F.3d 557, 558–59 (7th Cir. 1994) ("But if a plaintiff does plead particulars, and they show that he has no claim, then he is out of luck—he has pleaded himself out of court."). Jail staff's alleged failure to enforce jail policy is not on its own a constitutional violation, *see Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020), and this is especially true when Jeter concedes creating an elaborate covert scheme to violate jail policy. Because no amendment to the complaint can make someone other than Jeter responsible for the consequences of his own wrongful conduct, the Court will dismiss this case. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (noting that the Court need not provide an opportunity to amend when amendment would be futile.)

## Conclusion

**IT IS THEREFORE ORDERED** that Jeter's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the agency having custody of Jeter shall collect from his institution trust account the **$281.75** balance of the filing fee by collecting monthly payments from Jeter's prison trust account in an amount equal to 20% of the preceding month's income credited to Jeter's trust account and forwarding payments to the Clerk of Court each time the

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Jeter is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jeter's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to Milwaukee County Sheriff and to Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

Dated at Milwaukee, Wisconsin on July 9, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.